UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARMANI CARDWOOD,

                          Plaintiff.

                 - against -

THE CITY OF NEW YORK,
POLICE OFFICER ADAM A ARCE, SHIELD 21576,
AND JOHN DOE #'S 1-10 (NAMES AND
NUMBERS ARE UNKNOWN AT PRESENT) AND
OTHER UNIDENTIFIED MEMBERS OF THE NEW
YORK CITY POLICE DEPARTMENT,

                         Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

Case Number: 24-2382

**JURY TRIAL DEMANDED**

       Plaintiff Armani Cardwood, by his attorneys, Law Office of Caner Demirayak, Esq., P.C., complaining of the defendants, respectfully alleges as follows:

## **Introduction**

1.     Armani Cardwood (herein after "Mr. Cardwood") is a single father with sole custody of his daughter. He runs a small health food and juice business. On December 30, 2022 like any other day in 2022 Mr. Cardwood was innocently going about his life caring for his daughter and running a small business.

2.     However, members of the New York City Police Department ("NYPD") had other plans with Mr. Cardwood on that day. At around 9:00 p.m. officers of the 107th Precinct unlawfully pulled Mr. Cardwood over as he was lawfully driving his properly licensed and registered vehicle on Hillside Avenue. The stop was unlawful as it was based on a license plate issue that did not exist.

3.     The officers knew the initial basis for the stop was unlawful and used the stop itself to try to justify their initial illegal stop. The officers immediately seized on an incorrect claim that Mr. Cardwood was not licensed to drive. This was not correct as a simple computer search would

1

show and the proof provided by Mr. Cardwood at the scene. The officers then made a claim Mr. Cardwood possessed a weapon, which would be dismissed by the Queens County District Attorney's ("QCDA") Office.

4. Mr. Cardwood should not have been arrested that night. However, as visible and audible on video one or more of the officers told Mr. Cardwood that he was being arrested because he would not shut the fuck up and was trying to be a street lawyer. He would spend over 24 hours incarcerated. Mr. Cardwood was charged with all of the classic offenses representative of a false arrest including resisting arrest, obstructing governmental administration and disorderly conduct. Some of these charges were not even prosecuted by the QCDA. The remainder would be dismissed and sealed upon a motion after months of going back and forth to court.

5. Plaintiff now brings this civil rights action seeking relief for the violation of plaintiff's rights secured by 42 USC 1983, 1985, and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and for violations of plaintiff's federally protected procedural and substantive due process rights. Plaintiff's claims arise from an arrest and prosecution that arose on or about December 30, 2022. These claims arose on August 4, 2023 when all criminal charges were dismissed.

6. Plaintiff seeks compensatory and punitive damages from the individual defendants, compensatory damages from the municipal, governmental and agency defendants, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

**Jurisdiction**

7. This action is brought pursuant to 42 U.S.C. 1983, 1985 and 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution.

8. As such jurisdiction of this Court is founded upon 28 U.S.C. 1331, 1343 and 1367.

9. Plaintiff exhausted all administrative remedies prior to commencement of this action and timely filed a Notice of Claim upon the Comptroller's Office prior to commencement.

10. Plaintiff appeared for and completed all conditions precedent to suit including appearing for and completing a General Municipal Law 50-h statutory hearing and providing all requested authorizations for release of records.

## Venue

11. Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. 1391(b), as the district in which the claims herein arose.

## Parties

12. Plaintiff, Mr. Cardwood is a resident of the County of Kings, City and State of New York.

13. Defendant, The City of New York, maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the municipal corporation. Such defendant, through its various agents and employees violated plaintiff's rights as described herein.

14. At all times hereinafter mentioned the defendants, Police Officer Adam A Arce, Shield 21576 (hereinafter "PO Arce"), and John Doe #'s 1-10 (Names and Numbers are Unknown at Present) and Other Unidentified Members of the New York City Police Department (hereinafter "John Doe Officers"), either personally or through their employees were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York, City of New York, NYPD and the 107th Precinct.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment with The City of New York, within the NYPD 107th Precinct.

16. At all times hereinafter mentioned, the individually named defendants, Police Officer Adam A Arce, Shield 21576, and John Doe #'s 1-10 (Names and Numbers are Unknown at Present) and Other Unidentified Members of the New York City Police Department, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

## Statement of Facts

### Illegal Vehicle Stop in the Absence of Reasonable Suspicion

17. On December 30, 2022 at 9:10 a.m. defendant, PO Arce, by reason of false, misleading and inconsistent information effected an unlawful vehicle stop.

18. The vehicle stop was made on the basis of false allegations sworn to by defendant, PO Arce and with the assistance of defendant John Doe Officers that Mr. Cardwood's vehicle did not have proper rear license plates applied to the vehicle.

19. However, there was a valid rear license plate affixed to Mr. Cardwood's vehicle and it was obvious to the defendants.

20. The Defendants then relied upon the false reasons for their vehicle stop to further intrude on plaintiff to create an after the fact justification for the stop. The Defendants falsely claimed Mr. Cardwood's driver's license was suspended.

21. However, Mr. Cardwood had a valid driver's license in New York and another jurisdiction. This was obvious to the defendants. And Mr. Cardwood explained that this was not a correct accusation.

22. The defendants, aware of the baselessness of their police interaction then conducted an illegal search of Mr. Cardwood's vehicle and claimed to find a weapon. This was another attempt to stack the charges against plaintiff and force him to take a plea and have all of the illegal police conduct swept under the rug.

23. These and other allegations, information and evidence were false and the defendants knew they were false when they made them. However, they were made to substantiate a false arrest on the basis of a lack of probable cause.

False Arrest in the Absence of Probable Cause

24. On December 30, 2022 the defendants stated to plaintiff that he was being arrested because he would not shut the fuck up and was being a street lawyer.

25. On December 30, 2022 the plaintiff was falsely arrested and detained by defendant, PO Arce.

26. The plaintiff did not resist and surrendered completely.

27. Plaintiff would be detained for at least 24 hours.

Arraignment and Initiation of Criminal Charges

28. Plaintiff was arrested and booked on charges including obstructing governmental administration, criminal possession of a weapon in the third degree, disorderly conduct, driving with a suspended license, and resisting arrest.

29. Plaintiff was eventually arraigned on a misdemeanor criminal complaint on the basis of false allegations supplied by defendants.

30. Pursuant to these false statements, false information and fabricated evidence, plaintiff was charged with aggravated unlicensed operation of a vehicle in the third degree, failure to produce an insurance card, improper license plates, no license plate and resisting arrest.

31. The QCDA declined to prosecute the arrest charges of obstructing governmental administration, criminal possession of a weapon in the third degree and disorderly conduct because their baselessness was obvious to the prosecutors.

32. The defendants knew these statements were false when they made them to the QCDA.

33. The defendants falsely swore that plaintiff resisted arrest and committed an obstruction of governmental administration. There was simply no lawful basis for the police encounter from the outset.

### Dismissal and Favorable Termination

34. Eventually, on August 4, 2023 the QCDA moved to dismiss the misdemeanor complaint in the interest of justice. The motion was granted and all charges were dismissed on August 4, 2023.

35. The decision to investigate, search, arrest and prosecute plaintiff was objectively unreasonable under the circumstances.

36. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

37. The factual allegations and testimony sworn to by the individual defendants were materially false and deliberately made to justify the illegal arrest of plaintiff.

38. At no time did defendants take any steps to intervene in, prevent or otherwise limit the misconduct against plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
## False Arrest/Unlawful Imprisonment under 42 USC 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 38 with the same force and effect as if fully set forth herein.

40. Defendants arrested and/or created a custodial situation of plaintiff Armani Cardwood without probable cause, causing him to be detained against his will for an extended period of time with no basis in law for such arrest, custody or detainment.

41. Defendants caused plaintiff Armani Cardwood to be falsely arrested and unlawfully detained.

42. Defendants intended to confine plaintiff Armani Cardwood and, in fact, confined plaintiff Armani Cardwood and plaintiff Armani Cardwood was conscious of the confinement.

43. Plaintiff Armani Cardwood did not consent to the confinement and the confinement was not otherwise privileged.

44. As a result of the foregoing, plaintiff Armani Cardwood is entitled to compensatory damages in an amount to be fixed by a jury of at least One Million Dollars ($1,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least Two Million Dollars ($2,000,0000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## Malicious Prosecution under 42 USC 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 44 with the same force and effect as if fully set forth herein.

46. Defendants initiated, commenced and continued a malicious prosecution against plaintiff Armani Cardwood.

47. Defendants caused plaintiff Armani Cardwood to be prosecuted without any probable cause until the charges were dismissed on August 4, 2023.

48. Defendants commenced the prosecution with malice and for no legitimate law enforcement reason. This is clear as the defendants are heard on body camera footage stating that plaintiff was being arrested because he would not shut the fuck up and was being a street lawyer.

49. As a result of the foregoing, plaintiff Armani Cardwood is entitled to compensatory damages in an amount to be fixed by a jury of at least One Million Dollars ($1,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least Two Million Dollars ($2,000,0000), plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
**Failure to Intervene under 42 USC 1983**

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 49 with the same force and effect as if fully set forth herein.

51. Defendants had an affirmative duty to intervene on behalf of plaintiff Armani Cardwood whose constitutional rights were being violated in their presence by other officers.

52. The defendants failed to intervene to prevent the unlawful conduct described herein.

53. As a result of the foregoing, plaintiff Armani Cardwood liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court.

54. As a result of the foregoing, plaintiff Armani Cardwood is entitled to compensatory damages in an amount to be fixed by a jury of at least One Million Dollars ($1,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least Two Million Dollars ($2,000,0000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
## 42 USC 1983 Conspiracy

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 54 with the same force and effect as if fully set forth herein.

56. Defendants are liable to plaintiff Armani Cardwood because they agreed to act in concert, with each other, to inflict unconstitutional injuries; and committed overt acts done in furtherance of that goal causing damage to plaintiff Armani Cardwood.

57. As a result of the foregoing, plaintiff Armani Cardwood is entitled to compensatory damages in an amount to be fixed by a jury of at least One Million Dollars ($1,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least Two Million Dollars ($2,000,0000), plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
## Municipal Liability under 42 USC 1983

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 57 with the same force and effect as if fully set forth herein.

59. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

60. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that as the moving force behind the violation of plaintiff Armani Cardwood rights as described herein. In addition, the New York City Police Department has failed to properly train its employees with regard to the proper issuance of

summonses, and defendant City was aware that NYPD officers routinely issued baseless and facially insufficient summonses to individuals in response to summons quota's, depriving said individuals of their constitutional rights. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff Armani Cardwood.

62. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff Armani Cardwood as alleged herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff Armani Cardwood as alleged herein.

64. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff Armani Cardwood was unlawfully arrested, maliciously prosecuted, and a victim of fabricated evidence.

65. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff Armani Cardwood constitutional rights.

66. All of the foregoing acts by defendants deprived plaintiff Armani Cardwood of federally protected rights, including, but not limited to, the rights to be free from false

10

arrest/unlawful imprisonment, to be free from the failure to intervene, to receive his right to fair trial, and to be free from malicious prosecution and excessive force.

67. Specifically, the 107th Precinct of the NYPD had a policy and practice of unlawfully effecting vehicle stops on the basis of technical violations such as the placement of a license plate or other non criminal and non violative technical issues. This policy was ratified by The City of New York as it allowed it to persist despite knowledge thereof. This policy was enacted as a workaround the change in the law not permitting vehicle stops on the basis of marijuana. As such to continue to justify baseless vehicle stops, the 107th Precinct and the NYPD in general adopted a policy of justifying vehicle stops on the basis of fabricated technical issues with vehicles driven by the public.

68. As a result of the foregoing, plaintiff Armani Cardwood is entitled to compensatory damages in an amount to be fixed by a jury of at least One Million Dollars ($1,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least Two Million Dollars ($2,000,0000), plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**False Arrest/Unlawful Imprisonment Under New York State Common Law**

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 68 with the same force and effect as if fully set forth herein.

70. Defendants arrested and/or created a custodial situation of plaintiff Armani Cardwood without probable cause, causing him to be detained against his will for an extended period of time with no basis in law for such arrest, custody or detainment.

71. Defendants caused plaintiff Armani Cardwood to be falsely arrested and unlawfully detained.

11

72. Defendants intended to confine plaintiff Armani Cardwood and, in fact, confined plaintiff Armani Cardwood and plaintiff Armani Cardwood was conscious of the confinement.

73. Plaintiff Armani Cardwood did not consent to the confinement and the confinement was not otherwise privileged.

74. As a result of the foregoing, plaintiff Armani Cardwood is entitled to compensatory damages in an amount to be fixed by a jury of at least One Million Dollars ($1,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least Two Million Dollars ($2,000,0000), plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### Malicious Prosecution Under New York State Common Law

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 74 with the same force and effect as if fully set forth herein.

76. Defendants initiated, commenced and continued malicious prosecutions against plaintiff Armani Cardwood.

77. Defendants caused plaintiff Armani Cardwood to be prosecuted without any probable cause until the charges were dismissed.

78. Defendants commenced the prosecution with malice and for no legitimate law enforcement reason.

79. As a result of the foregoing, plaintiff Armani Cardwood is entitled to compensatory damages in an amount to be fixed by a jury of at least One Million Dollars ($1,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least Two Million Dollars ($2,000,0000), plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### Negligent Hiring Retention and Training

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 79 with the same force and effect as if fully set forth herein.

81. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named defendants, individuals who were unfit for the performance of NYPD duties.

82. As a result of the foregoing, plaintiff Armani Cardwood is entitled to compensatory damages in an amount to be fixed by a jury of at least One Million Dollars ($1,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least Two Million Dollars ($2,000,0000), plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 82 with the same force and effect as if fully set forth herein.

84. By the actions described herein, the individually named police officer defendants, each acting individually and in concert with one another, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff Armani Cardwood. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff Armani Cardwood and violated plaintiff's statutory Armani Cardwood and common law rights as guaranteed by the laws and Constitution of the State of New York.

85. As a result of the foregoing, plaintiff Armani Cardwood was deprived of liberty and sustained great emotional injuries.

86. The City, as the employer of the defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

87. As a result of the foregoing, plaintiff Armani Cardwood is entitled to compensatory damages in an amount to be fixed by a jury of at least One Million Dollars ($1,000,000), and is also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least Two Million Dollars ($2,000,0000), plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

I. Compensatory damages in an amount to be determined by a jury of at least One Million Dollars ($1,000,000);

II. Punitive damages in an amount to be determined by a jury of at least Two Million Dollars ($2,000,000);

III. Costs, interest and attorney's fees, pursuant to 42 USC 1988; and

IV. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

THE LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated: Brooklyn, New York
       March 29, 2024

/s/

Caner Demirayak, Esq.
300 Cadman Plaza West
One Pierrepont Plaza, 12th Floor
Brooklyn, New York 11201
718-344-6048
caner@canerlawoffice.com