

300 Cadman Plaza W, 12 FL
Brooklyn, NY 11201
Fax: 646-679-2527

718-344-6048
caner@canerlawoffice.com

May 29, 2024

Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **Re:**    File: <u>00400-Cardwood</u>
              Armani Cardwood v The City of New York, et al
              Case Number: 24-cv-02382-BMC

Dear Judge Cogan:

    I represent the plaintiff Armani Cardwood. I submit the following jointly on behalf of all parties to set forth a description of this case in accordance with your Honor's April 1, 2024 scheduling order under docket entry 4. I apologize for failing to submit this five days prior to the initial conference as required and respectfully request this be accepted as timely *nunc pro tunc*.

**Plaintiff's Position**

    **Facts of the Case**

    This is a case arising from the December 30, 2022 false arrest of Armani Cardwood during which police encounter the arresting officers stated on recorded body worn camera footage that they were arresting Cardwood because he would not shut the fuck up and was being a street lawyer. Subsequent to the filing of this lawsuit the Civilian Complaint Review Board on April 16, 2024 substantiated abuse of authority by the arresting officer for the unlawful vehicle stop and substantiated discourtesy in the manner of speech to the plaintiff. The initial basis for the stop was illegal and the officers began to concoct after the fact reasons for stopping, arresting and ultimately charging plaintiff with crimes he did not commit. This is also a case of malicious prosecution until all charges were dismissed with prejudice on August 4, 2023.

    **Jurisdiction**

    The court has federal question jurisdiction over these claims which arise under 42 U.S.C. 1983 and the Constitution. The court has supplemental jurisdiction over the state law claims for malicious prosecution, false arrest and state law torts as they arise from the same facts and circumstances.



**Legal Basis for Claims**

The plaintiff contends the defendants are liable for false arrest as "(1) defendants intended to confine plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the conferment was not otherwise privileged." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021). The lack of actual or arguable probable cause to arrest the plaintiff here rendered the arrest/confinement not privileged. It is undisputed that the initial basis for the vehicle stop and the after the fact justification did not constitute probable cause. The arresting officers' beliefs that plaintiff was being a street lawyer and would not shut the fuck up do not provide cause to arrest under any circumstances.

The plaintiff contends the defendants are liable for malicious prosecution as they initiated proceedings against plaintiff, without probable cause to prosecute, with malice and the proceedings terminated in plaintiff's favor. There is no dispute over initiation and termination in plaintiff's favor as all charges were dismissed and sealed. There is also no dispute that probable cause was lacking since the initial basis for the stop was false and plaintiff was not committing and had not committed any offenses to be charged with. The recorded comments that plaintiff was being arresting for being a street lawyer and not shutting the fuck up, coupled with the lack of probable cause demonstrate malice. *See Kee v. City of New York*, 12 F.4th 150, 166 (2d Cir. 2021).

**Anticipated Motions**

The plaintiff intends to move for summary judgment on the issues of the defendants' liability in this case at the close of discovery and requesting a damages only trial.

**Defendant's Position**

Facts:

On December 30, 2022, plaintiff's vehicle was stopped by New York City Police Department Officer Arce and Sgt. McDermott based on a traffic violation related to plaintiff's license plate. Upon further investigation, it was revealed that plaintiff's driver's license was suspended. Plaintiff was arrested, and refused to exit his vehicle despite multiple commands to do so. Plaintiff tensed his body in order to resist being handcuffed. Plaintiff was also found to be in possession of a gravity knife.



Defenses[1]:
1. The stop of plaintiff's vehicle was lawful based on reasonable suspicion that he committed a violation of NY CLS Veh & Tr § 402.
2. Plaintiff's arrest and subsequent prosecution was lawful because there was probable cause to arrest him for charges of, *inter alia*, aggravated unlicensed operation of a motor vehicle and resisting arrest based on plaintiff driving on a suspended driver's license and tensing his body in order to avoid being handcuffed.
3. Punitive damages are not recoverable against the City of New York.
4. Plaintiff cannot show an official NYPD policy violated his constitutional rights to justify his Monell claim.

Anticipated Motions:

    Defendant anticipates moving for summary judgment at the close of all discovery.

        Very truly yours,

        Caner Demirayak, Esq.

Encl.

---

[1] Defenses on behalf of individually named defendant Officer Arce are not included as his representation has not yet been resolved by this Office.