

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **SEEMA KASSAB**<br>*Senior Counsel*<br>phone: (212) 356-0827<br>skassab@law.nyc.gov |

August 20, 2024

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Armani Cardwood v. City of New York, et al.</u>
      24-CV-2382 (BMC)

Your Honor:

   I represent defendants City of New York and Officer Adam Arce in the above-referenced matter. Defendants served an Offer of Judgment pursuant to Fed. R. Civ. P. 68 on August 9, 2024. Today, plaintiff filed a Notice of Acceptance of Offer of Judgment. In his notice of acceptance, plaintiff indicates that he will request an award of attorney's fees in the amount of $10,665.50 and expenses and costs in the amount of $704.63, totaling $12,871.13. <u>See</u> ECF No. 21. To the extent that said language is simply meant to advise the Court that plaintiff intends to make a future fee application in said amount, defendants have no objection. However, to the extent that such language is meant to act as a fee application, it should be disregarded.

   Pursuant to Rule 68(a), "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). Here, the Rule 68 Offer served by defendants "offer[ed] to allow plaintiff Armani Cardwood to take a judgment against the City of New York in this action for the total sum of One Thousand Five Hundred and One ($1,501.00) Dollars, plus reasonable attorneys' fees, expenses, and costs to the date of this offer for plaintiff's federal claims." <u>See</u> Defendants' Rule 68, ECF No. 21, Attachment No. 3. Defendants' offer did not permit plaintiff to unilaterally determine reasonable attorney's fees.[1] The parties have yet to negotiate fees as plaintiff's counsel only sent the undersigned his billing records today at the same time that the Notice of Acceptance was filed. If

---

[1] Notably, plaintiff's billing records reflects entries that are not recoverable pursuant to Rule 68. For example, fees and costs associated with plaintiff's state law claims are not recoverable, as well as fees accrued after service of the Rule 68. Plaintiff's proposed billing rate is also too high based on his experience in civil rights litigation and the non-complex nature of this matter.

the parties are unable to reach an agreement on reasonable attorney's fees, costs, and expenses, then plaintiff should make a fee application to the Court at that time.

Based on the foregoing, to the extent that plaintiff intended his Notice of Acceptance of Offer of Judgment to act as an application for attorney's fees, any such motion should be disregarded. Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/ *Seema Kassab*
Seema Kassab
*Senior Counsel*
Special Federal Litigation Division

cc: **Via ECF**
Caner Demirayak
*Attorney for Plaintiff*